**UNITED STATES COURT OF INTERNATIONAL TRADE**

NCR ATLEOS CORPORATION,

Plaintiff,

v.

U.S. CUSTOMS AND BORDER PROTECTION and UNITED STATES,

Defendants.

Court No. 26-3736

**COMPLAINT**

Plaintiff, NCR Atleos Corporation, by its attorneys, Squire Patton Boggs (US) LLP, files this Complaint against Defendants U.S. Customs and Border Protection and the United States (collectively, Defendants) and alleges as follows:

**PARTIES**

1. Plaintiff is a Maryland corporation with its principal place of business in Atlanta, Georgia, that paid duties imposed under the International Emergency Economic Powers Act (IEEPA) on numerous entries for which it was the importer of record.

2. Defendant U.S. Customs and Border Protection (CBP) is an agency within the U.S. Department of Homeland Security charged with administering the collection of tariffs, duties, and taxes on imported goods.

3. The United States received the unlawful IEEPA tariffs that Plaintiff paid and is a statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581 (which waives the United States' sovereign immunity, *see Humane Soc. of U.S. v. Clinton*, 236 F.3d 1320, 1328 (Fed. Cir. 2001)).

## JURISDICTION

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1581(i).

5. Jurisdiction over all or part of the subject matter of this action is based on CBP's assessment, collection, and retention of IEEPA duties Plaintiff paid that the Supreme Court held were unlawful.

6. This action is filed within the time limits prescribed by 28 U.S.C. § 2636(i).

## STANDING

7. Plaintiff is the real party in interest and has standing to bring this action because it is the importer of record for goods imported into the United States from countries subject to IEEPA duties as implemented and collected by CBP.

8. Plaintiff paid the IEEPA duties to the United States thereby suffering injury caused by the unlawful actions by the United States.

9. Further, Plaintiff's claims are within the zone of interests of the underlying statute, 28 U.S.C. § 1581(i), which provides that the court hears actions that arise out of laws, in relevant part, related to tariffs and duties on imported goods and CBP's administration and enforcement of said tariff and duties.

10. Plaintiff is entitled to bring this action under 28 U.S.C. § 2631(i) because it is adversely affected or aggrieved by the actions by CBP in assessing, collecting, and retaining unlawful IEEPA duties.

## BACKGROUND

11. Beginning in February 2025, the President of the United States began issuing a series of Executive Orders that invoked IEEPA as the basis for imposing new tariffs on goods

imported from nearly every foreign country.

12. The following is a listing of the relevant Executive Orders the President issued directing the collection of IEEPA duties (collectively, the IEEPA Orders): E.O. 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China* (February 1, 2025); E.O. 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China* (March 3, 2025); E.O. 14257, *Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits* (April 2, 2025); E.O. 14266, *Modifying Reciprocal Tariff Rates to Reflect Trading Partner Retaliation and Alignment* (April 9, 2025); E.O. 14298, *Modifying Reciprocal Tariff Rates to Reflect Discussions with the People's Republic of China* (May 12, 2025); E.O. 14323, *Addressing Threats to the United States by the Government of Brazil* (July 30, 2025); E.O. 14326, *Further Modifying the Reciprocal Tariff Rates* (July 31, 2025); E.O. 14329, *Addressing Threats to the United States by the Government of the Russian Federation* (August 6, 2025); E.O. 14357, *Modifying Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China* (November 4, 2025).

13. Plaintiff was the importer of record on numerous entries subjected to the IEEPA Orders and accordingly paid IEEPA duties to the United States.

14. On February 20, 2026, the United State Supreme Court issued its decision in *Learning Resources, Inc., et al. v. Trump, President of the United States, et al.,* slip op., 607 U. S. (Feb. 20, 2026), holding that IEEPA does not authorize the President to impose tariffs.

15. The Supreme Court’s decision rendered unlawful the IEEPA tariffs that CBP assessed and collected from all importers or record, including Plaintiff.

16. Following the Supreme Court decision, the President formally rescinded the

IEEPA Orders and all IEEPA tariffs imposed and directed CBP to take the appropriate steps to effectuate the recission. Executive Order 14389, *Ending Certain Tariff Actions* (Feb. 20, 2026).

17. CBP subsequently developed the Consolidated Administration and Processing of Entries (CAPE), a new functionality within the Automated Customs Environment (ACE).

18. CBP released CAPE Phase 1 on April 20, 2026, which covers all unliquidated entries and all liquidated entries that are up to 80 days past the liquidation as of the date of claim submission through CAPE.

19. On July 15, 2026, the U.S. Court of International Trade issued an order in *Princess Awesome, LLC* v. *U.S. Customs & Border Prot.*, No. 25-00078, Order at 3 (Ct. Int'l Trade July 15, 2026), that directs CBP to issue refunds for all finally liquidated entries.

**COUNT I**
**(Assessment, Collection, and Retention of IEEPA Tariffs Unlawful)**

20. Plaintiff repeats and incorporates paragraphs 1-26 by reference, as though fully stated herein.

21. Per the Supreme Court's decision in *Learning Resources*, the IEEPA Orders exceeded the President's authority and therefore are invalid *ab initio*.

22. Because the IEEPA Orders are invalid, the IEEPA duties imposed on Plaintiff under those orders also are invalid *ab initio*, and CBP's assessment of IEEPA tariffs against Plaintiff's imports pursuant to the IEEPA Orders and its retention of IEEPA duties paid by Plaintiff is unlawful.

23. Per the U.S. Court of International Trade's order in *Princess Awesome*, Plaintiff's finally liquidated entries subject to IEEPA tariffs should be reliquidated with IEEPA tariff refunds removed from the entry lines on which they appear.

24. Plaintiff is entitled to a full refund of the IEEPA duties paid to the United States,

including the finally liquidated entries, with interest required by law, including 19 U.S.C. § 1520 and 19 C.F.R. § 24.36.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in Plaintiff's favor;

(b) Declare, with respect to Plaintiff, that the IEEPA duties imposed under the IEEPA Orders are *ultra vires* and void *ab initio*;

(c) Order the United States to refund to Plaintiff the IEEPA duties collected from Plaintiff, with interest as provided by law; and

(d) Award costs, attorneys' fees, and other such relieve this Court deems equitable and just.

Dated: August 24, 2026

Respectfully submitted,

*/s/ Jeremy W. Dutra*

Jeremy W. Dutra
jeremy.dutra@squirepb.com
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037
(202) 626-6237

*Counsel for Plaintiff*
*NCR Atleos Corporation*